IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

WOLVERINE BARCODE IP, LLC,

      **Plaintiff,**

v.

JAMBA JUICE, LLC,

      **Defendant**

Civil Action No. 2:26-cv-00021

**JURY TRIAL DEMANDED**

**DEFENDANT JAMBA JUICE, LLC'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
WOLVERINE BARCODE IP, LLC COMPLAINT**

Defendant Jamba Juice, LLC ("Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Wolverine Barcode IP, LLC ("Plaintiff")'s Complaint for Patent Infringement. Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES**

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.     Defendant denies that it is a corporation organized under the laws of Delaware but admits that it has a principal office at 5620 Glenridge Drive NE, Atlanta, Georgia 30342, but denies that it has a corporate office at 3001 Dallas Pkwy Ste 140, Frisco, TX 75034. Defendant admits it has places of business at 1201 E. Spring Creek Pkwy, Ste. 180, Plano TX 75074 and 6100 W Park

---

[1] For avoidance of doubt, Defendant denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

Blvd, Suite 100A, Plano, TX 75093. Defendant admits it has a registered agent with an address of Corporation Services Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Defendant denies all remaining allegations in Paragraph 2.

### JURISDICTION

3.       Defendant admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies any remaining allegations in Paragraph 3 of the Complaint.

4.       Defendant does not contest whether personal jurisdiction over it properly lies in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 4 of the Complaint.

5.       Defendant does not contest whether venue is proper in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

### [ALLEGED] INFRINGEMENT OF THE '689 PATENT

6.       Defendant admits that an alleged copy of the '689 Patent is attached to the Complaint as Exhibit A. The '689 Patent speaks for itself and Defendant denies any characterizations inconsistent therewith. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies all such allegations.

7.       Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint.

9.      Defendant admits that a chart is attached as Exhibit B to the Complaint but denies that it shows infringement. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10.      Defendant denies the allegations in Paragraph 10 of the Complaint.

11.      Defendant denies the allegations in Paragraph 11 of the Complaint.

12.      Defendant denies the allegations in Paragraph 12 of the Complaint.

### [PLAINTIFF'S] JURY DEMAND

Defendant is not required to provide a response to Plaintiff's request for trial by jury.

### CONDITIONS PRECEDENT

13.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies all such allegations.

14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies all such allegations.

15.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17.      Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Defendant denies the Plaintiff is entitled to any relief from Defendant and denies all the allegations contained in Paragraphs A-G of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Defendant has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '689 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '689 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C.

4

§§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '689 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the claims of the '689 Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the claims of the '689 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would allegedly cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '689 Patent against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '689 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

## JAMBA JUICE, LLC 'S COUNTERCLAIMS

For its counterclaims against Plaintiff Wolverine Barcode IP, LLC ("Counterclaim Defendant"), Counterclaim Plaintiff Jamba Juice, LLC ("Counterclaim Plaintiff") alleges as follows:

### PARTIES

1.      Counterclaim Plaintiff is a limited liability company organized and existing under the laws of California with a principal office at 5620 Glenridge Drive NE, Atlanta, Georgia, 30342.

2.      Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a limited liability company with its principal place of business located in Austin, Texas.

### JURISDICTION

3.      Counterclaim Plaintiff incorporates by reference Paragraphs 1–2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.      Counterclaim Defendant has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      Based solely on Counterclaim Defendant's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

### COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

7.      Counterclaim Plaintiff incorporates by reference Paragraphs 1–6 above.

8.      Based on Counterclaim Defendant's filing of this action and at least Counterclaim Plaintiff's First Affirmative Defense, an actual controversy has arisen and now exists between the

parties as to whether Counterclaim Plaintiff infringes the '689 Patent.

9.      Counterclaim Plaintiff does not infringe the claims of the '689 Patent because, *inter alia*, Counterclaim Plaintiff does not perform the steps of providing a personal code to a person for their use to purchase goods; converting said personal code into barcode format to form a User ID Barcode, said User ID Barcode corresponding to said personal code and including at least one special character to distinguish the barcode as a User ID Barcode from a product barcode; storing said personal code in said User ID Barcode format by said person for use to purchase goods and storing said personal code in a User Vendor Management Server to permit purchases to be made at a vendor; establishing a User Account in a User Vendor Management Server corresponding to said personal code; depositing funds in said User Account to establish a credit limit; conducting purchases at vendors each having a vendor server wherein each purchase includes scanning product barcodes including product price and said User ID Barcode with a product barcode scanner at the vendor cash register and transmitting both product barcodes and User ID Barcode to said vendor server; detecting the User ID Barcode at the vendor server and forwarding the ID Barcode and purchase price to said User Vendor Management Server; comparing the purchase price with the funds in said User Vendor Management Server to determine if there are available funds within the credit limit in the User Vendor Management Server account, and if there are, sending an approval signal to the vendor server; forwarding the approval signal to the vendor cash register; and repeating the previous steps for subsequent purchase transactions using said User ID Barcode.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that Counterclaim Plaintiff has not infringed and does not infringe any claim of the '689 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff asks this Court to enter judgment in Counterclaim Plaintiff's favor and against Counterclaim Defendant by granting the following relief:

a)      a declaration that the claims of the '689 Patent are invalid;

b)      a declaration that Counterclaim Plaintiff does not infringe, under any theory, any valid claim of the '689 Patent that may be enforceable;

c)      a declaration that Counterclaim Defendant take nothing by its Complaint;

d)      judgment against Counterclaim Defendant and in favor of Counterclaim Plaintiff;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim Plaintiff of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

**JURY DEMAND**

Counterclaim Plaintiff hereby demands trial by jury on all issues.

Dated: April 13, 2026                Respectfully submitted,

By:  */s/ Neil J. McNabnay*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Lance E. Wyatt
Texas Bar No. 24093397
wyatt@fr.com
Riley J. Green
Texas Bar No. 24131352
rgreen@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone (214) 747-5070
Facsimile (214) 747-2091

**COUNSEL FOR DEFENDANT
JAMBA JUICE, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on April 13, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Neil J. McNabnay*
Neil J. McNabnay

9